**United States District Court**

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

          Plaintiff,

    v.

ROBERT J. ROWEN,

          Defendant.

_____/

No. C 03-3614 JSW

**ORDER GRANTING
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT**

Now before the Court is the motion for summary judgment filed by plaintiff United States of America ("United States"). Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, the Court hereby GRANTS plaintiff's motion for summary judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

On April 17, 1997, the United States indicted defendant Robert Rowen ("Rowen") on four counts of false claims in violation of 18 U.S.C. § 287 and one count of a corrupt endeavor to impede the collection of taxes in violation of 26 U.S.C. § 7212(a). (Declaration of Keith S. Blair in Support of Plaintiff's Motion for Summary Judgment ("Blair Decl."), Ex. A.) On June 25, 1997, Rowen pled guilty to engaging in a corrupt endeavor to impede the administration of the internal revenue laws. (*Id*., Ex. B.) The plea agreement required Rowen to file accurate federal income tax returns for the years 1992 through 1997. (*Id*., Ex. D.)

In 2001, Rowen sought bankruptcy protection in the United States Bankruptcy Court for the District of Alaska. *Rowen v. United States*, 298 B.R. 641 (Bankr. D. Ala. 2003). During the

course of the bankruptcy case, Rowen commenced an adversary proceeding seeking to discharge his federal income tax liability for the years 1992 through 1997. (*Id.*) The United States opposed the discharge on the ground that Rowen willfully attempted to evade the taxes for those years. (*Id.*) On May 5, 2003, the bankruptcy court held that Rowen's federal income tax liability for the years 1992 through 1997 was excepted from discharge pursuant to 11 U.S.C. § 523(a)(1)(C). (Blair Decl., Ex. E.)

The United States then filed this action against Rowen to reduce to judgment the IRS's tax assessments against Rowen for the years 1992 through 1997, and is now moving for summary judgment. In support of its motion, the United States submitted Certificates of Assessments and Payments ("Form 4340s") as proof of Rowen's tax liabilities for the years 1992 through 1997. (Blair Decl., Ex. D.) In response, Rowen filed a document entitled "Answer, Affirmative Defenses and Specific Negative Averments to Plaintiff's Motion for Summary Judgment." On February 5, 2004, Rowen filed a Notice of Remittance with the Court, lodging a "coin of the realm," which he contends extinguishes his debt to the United States. Rowen did not submit any evidence in opposition to the United States' motion.

The United States did not file any response to Rowen's notice or otherwise address the implications of Rowen's filing of the "coin of the realm." At the hearing on this motion held on September 1, 2004, Rowen admitted that he has not made any payments toward his tax liability for these years, other than lodging this coin with the Court.

In September 2004, the Court ordered supplemental briefing, requiring the United States to submit additional evidence regarding Rowen's tax liability and the method used to calculate interest and penalties. The United States filed a supplemental memorandum and the supporting evidence requested by the Court, demonstrating that Rowen's outstanding tax liabilities, including interest and statutory accruals, amounted to $1,124,800.90 as of October 5, 2004. (Declaration of Keith S. Blair filed on October 5, 2004 ("Suppl. Blair Decl."), Exs. A, B; Declaration of John Margenau filed on October 5, 2004 ("Margenau Decl."), ¶¶ 3-4, Ex. A.) The breakdown of Rowen's tax liabilities, including penalties and interest, are as follows: For the tax year ending December 31, 1992, Rowen owes a total of $101,043.42, which includes

United States District Court

For the Northern District of California

2

**United States District Court**

For the Northern District of California

1  $30,835.00 in assessed taxes, $14,449.72 in penalties, and $55,758.70 in interest.  (Margenau

2  Decl., Ex. A at 1-3.)  For the tax year ending December 31, 1993, Rowen owes a total of

3  $257,026.25, which includes $27,120.00 in assessed taxes, $98,445.30 in penalties, and

4  $131,460.95 in interest.  (*Id*., Ex A at 4-6.)  For the tax year ending December 31, 1994, Rowen

5  owes a total of $254,323.57, which includes $33,116.00 in assessed taxes, $100,910.30 in

6  penalties, and $120,297.27 in interest.  (*Id*., Ex. A at 7-9.)  For the tax year ending December

7  31, 1995, Rowen owes a total of $260,948.84, which includes $25,112.00 in assessed taxes,

8  $125,402.30 in penalties, and $110,434.54 in interest.  (*Id*., Ex. A at 10-12.)  For the tax year

9  ending December 31, 1996, Rowen owes a total of $186,911.39, which includes $29,744.00 in

10  assessed taxes, $87,694.48 in penalties, and $69,472.91 in interest.  (*Id*., Ex. A at 13-15.)  For

11  the tax year ending December 31, 1997, Rowen owes a total of $64,547.43, which includes

12  $33,115.00 in assessed taxes, $11,358.75 in penalties, and $20,073.68 in interest.  (*Id*., Ex. A at

13  16-19.)

14       Rowen filed a response to United States' supplemental filing, but again, did not submit

15  any evidence.

16                                            **DISCUSSION**

17  **I.   Legal Standard.**

18       Summary judgment is proper when the "pleadings, depositions, answers and

19  interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

20  genuine issue as to any material fact and that the moving party is entitled to judgment as a

21  matter of law.  Fed. R. Civ. P. 56(c).  An issue is "genuine" only if there is sufficient evidence

22  for a reasonable fact finder to find for the non-moving party.  *Anderson v. Liberty Lobby, Inc.*,

23  477 U.S. 242, 248-49 (1986).  A fact is "material" if the fact may affect the outcome of the case.

24  *Id*. at 248.  "In considering a motion for summary judgment, the court may not weigh the

25  evidence or make credibility determinations, and is required to draw all inferences in a light

26  most favorable to the non-moving party."  *Freeman v. Arpaio*, 125 F.3d 723, 735 (9th Cir.

27  1997).

28

When the party moving for summary judgment bears the burden of proof at trial, they must produce evidence that would entitle him or her to a directed verdict if the evidence went uncontroverted at trial. *C.A.R. Transp. Brokerage Co., Inc. v. Darden*, 213 F.3d 474, 480 (9th Cir. 2000). Once the moving party meets his or her initial burden, the non-moving party must go beyond the pleadings and set forth specific facts supported by admissible evidence showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *see also Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). In opposing summary judgment, the non-moving party is not entitled to rely on mere allegations or suppositions without properly submitting supporting evidence. Fed. R. Civ. P. 56(e); *see also S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines) v. Walter Kidde & Co.*, 690 F.2d 1235, 1238 (9th Cir. 1982) (stating that "a party cannot manufacture a genuine issue of material fact merely by making assertions in its legal memoranda"). Rather, the non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." Fed. R. Civ. P. 56(e). It is not the Court's task to "scour the record in search of a genuine issue of triable fact." *Keenan*, 91 F.3d at 1279 (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995). If the non-moving party fails to make this showing, the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986).

**II.     United States' Motion for Summary Judgment.**

The United States moves for summary judgment, arguing that the government has met its burden of proof with respect to Rowen's tax liability, penalties and interest, and that Rowen failed to set forth the requisite specific facts demonstrating that there is a genuine issue for trial. Rowen asserts that his tender of the "coin of the realm" to the Court extinguished his tax debt to the United States.

In an action brought to collect federal taxes, the government bears the initial burden of proof. *Palmer v. Internal Revenue Service*, 116 F.3d 1309, 1312 (9th Cir. 1997). That burden can be satisfied through proof of the tax assessments, which are entitled to a presumption of correctness so long as they are supported by minimal factual foundation. *Id.*; *United States v. Stonehill*, 702 F.2d 1288, 1293 (9th Cir. 1983). Form 4340s are "routinely used to prove that

tax liability assessment[s] have in fact been made," *Geiselman v. United States*, 961 F.2d 1, 6 (1st Cir. 1992), and are presumptive proof of a valid assessment. *Huff v. United States*, 10 F.3d 1440, 1445 (9th Cir. 1993). Form 4340s are highly probative and, in the absence of contrary evidence, are sufficient to establish that an assessment was properly made and that notices and demand for payment were sent. *Hughes v. United States*, 953 F.2d 531, 535 (9th Cir. 1992).

Tax assessments accrue interest and penalties until they are paid in full. 26 U.S.C §§ 6601(a) and 6651(a). Interest on unpaid taxes accrues pursuant to 26 U.S.C. § 6601(a), which provides: "if any amount of tax . . . is not paid on or before the last date prescribed for payment, interest on such amount at the underpayment rate established under section 6621 shall be paid for the period from such last date to the date paid." The formula used to establish the rate of interest is set forth in 26 U.S.C. § 6621, and the actual rates are published in Revenue Rulings, the most recent being Revenue Ruling 2004-92. (*See* Suppl. Blair Decl., Ex. B.)

Penalties for failure to file returns and pay taxes due shall be added to the amount of taxes due. 26 U.S.C. § 6651(a). The imposition of penalties is mandatory, unless the individual can demonstrate that his failure to file returns was "due to reasonable cause and not due to willful neglect." *United States v. Boyle*, 469 U.S. 241, 245 (1985).

Here, the United States carried its initial burden of proof by submitting Rowen's tax returns and the corresponding Form 4340s for each year in question. The Form 4340s reflects the total tax assessment for each year, including penalties and interest through May 5, 2003. (Blair Decl., Ex. D.) In response to the Court's request for supplemental briefing, the United States submitted updated calculations that reflect Rowen's total tax liabilities, including penalties and interest, as of October 5, 2004. (Margenau Decl., Ex. A.) The United States also submitted evidence regarding rate of interest charged and assessment of penalties. (Suppl. Blair Decl., Ex. B; Margenau Decl., ¶¶ 3-4, Ex. A.) Rowen did not submit any evidence in opposition to the United States' motion. Therefore, the Forms 4340 submitted by the United States are sufficient to establish Rowen's tax liability. *See Huff*, 10 F.3d at 1445.

Because the United States satisfied its initial burden of proof, the burden then shifts to Rowen to go beyond the pleadings and set forth specific facts, *supported by admissible*

*evidence*, showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e) (emphasis added).

As noted above, Rowen failed to submit any evidence in opposition.  Moreover, Rowen has not

challenged the United States' position that he is liable for his taxes for the years 1992 through

1997.  Nor has he challenged the amount of the tax assessments, interest or penalties asserted by

the United States.  Instead, Rowen relies solely on his assertion that he tendered the "coin of the

realm," and argues that his lodging this coin with the Court extinguished all his alleged

obligations to the United States.  (Rowen's Response to Plaintiff's Supplemental Memorandum

in Support of Summary Judgment at 3.)  However, mere assertions in legal memoranda, absent

supporting evidence, are insufficient to create a genuine issue of triable fact.[1]  *Varig Airlines*,

690 F.2d at 1238.  Because the United States satisfied its initial burden regarding the amount of

Rowen's tax liabilities, and because Rowen failed to go beyond the pleadings and submit *any*

evidence in opposition, the United States is entitled to summary judgment.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the United States' motion for summary

judgment.  The Clerk of Court is directed to return the "coin of the realm" to Rowen, and to

close the file.

**IT IS SO ORDERED.**

Dated:  May 11, 2005

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

United States District Court

For the Northern District of California

---

[1]  Rowen's reliance on his lodging of the "coin of the realm" is problematic for the additional reasons that he lodged this coin with the Court, rather than paying it directly to the plaintiff United States, and Rowen has not provided any information from which the Court may determine the monetary value, if any, of the coin.